951 F.2d 1258
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Johnny Mario DURAN, Plaintiff-Appellant,
v.
Larry E. HINES and R. Spencer Robinson, Defendant-Appellees.
 No. 91-4028.
 United States Court of Appeals, Tenth Circuit.
 Dec. 12, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 The appellant, Johnny Mario Duran, appeals the district court's summary judgment in favor of appellees. The appellant had asserted claims under 42 U.S.C. §§ 1983 & 1985. As explained below, we affirm the district court.
 
 
 2
 We summarize the facts as follows. A prison guard confiscated a sweat suit from appellant. The guard filled out a property confiscation form which was to be signed by the appellant. The appellant underlined certain sentences written on the form. The guard asserted that he had to rewrite the form as a result; the appellant argued that the guard had to rewrite the form for a different reason. The appellant underlined sentences on the second form as well. The guard filled out a third form and reported the appellant for disciplinary action.
 
 
 3
 The appellant was charged with several prison infractions, including refusing a direct order, unauthorized use of an object, and interfering with the duties of another. Appellee Hines was the prison official who conducted the appellant's disciplinary hearing. The appellant asked for but was denied access to the first two forms, which he wished to present as evidence. Hines found the appellant innocent of committing the first two infractions but guilty of the third, interfering with the duties of another. The appellant contended that the forms would be exculpatory; however, Hines decided that even if the forms contained what the appellant alleged, he would still be guilty of the third offense. The appellant then appealed the decision to appellee Robinson, an administrative law judge, who upheld Hines' decision.
 
 
 4
 The appellant later brought this action against Hines and Robinson under 42 U.S.C. §§ 1983 & 1985 in the United States District Court for the District of Utah, alleging various due process violations. The matter was referred to a magistrate pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate recommended that the appellees be granted summary judgment. The district judge accepted the magistrate's recommendation and entered judgment accordingly. The appellant then brought the instant appeal.
 
 
 5
 We conclude that the district court should be affirmed for substantially the reasons set forth in the magistrate's Report & Recommendation of December 31, 1990. The issue of access to the forms deserves further comment, however.
 
 
 6
 We review the district court's grant of summary judgment de novo. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). If "some evidence" supports the disciplinary hearing officer's determination, due process requirements are satisfied. Superintendent v. Hill, 472 U.S. 445, 455 (1985).
 
 
 7
 During a disciplinary hearing, a prisoner "should be allowed to ... present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff v. McDonnell, 418 U.S. 539, 566 (1974); see Smith v. Maschner, 899 F.2d 940, 946 (10th Cir.1990); Young v. Kann, 926 F.2d 1396, 1400 (3d Cir.1991) ("a prisoner's right to produce evidence in his or her defense is limited only by the demands of prisoner safety and institutional order, as determined by the sound discretion of the prison authorities"). If the requested documents are under the control of prison officials, if producing them would not cause undue burden, if the documents are relevant to the events at issue, and if producing them would not threaten safety or other correctional goals in the discretion of prison officials, then the prisoner is entitled to obtain the documents. See Young, 926 F.2d at 1402 (failure by prison officials to furnish letter relevant to disciplinary allegations deprived prisoner of due process).
 
 
 8
 Certainly there is no allegation of a safety justification, or any other justification save expediency, for denying the appellant access to the forms. Given the close relationship between the alleged disciplinary infractions and the confiscation forms, it does not seem unreasonable for the appellant to request access to them. Therefore, appellee Hines erred in denying the appellant access to the forms. However, because the guard testified that he was required to redo both forms as a result of the appellant's underlining and because the appellant makes no argument that there was anything other than the underlining on the second form to cause the guard to redo it, Hines decided that the appellant was guilty of the third alleged infraction even if the forms contained the information alleged, and some evidence supports this conclusion. See Hill, 472 U.S. at 455. Therefore, failure to provide access did not change the result of the hearing and did not rise to the level of a due process violation.
 
 
 9
 Accordingly, we AFFIRM the judgment of the district court. The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3